IN THE UNITED STATES DIRECT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TRENTON HUGHES                                                                                          PLAINTIFF

V.                                            CASE NO. 6:13-CV-6136

SCENTSY, INC.                                                                                          DEFENDANT

### PROTECTIVE ORDER

Before the Court is the parties' Motion for Protective Order. (ECF No. 11). It being represented to the Court that the plaintiff, Trenton Hughes, has requested documents from the defendant, Scentsy, Inc. ("Scentsy"), which involves trade secrets, confidential research, proprietary materials and development and/or commercial information belonging to Scentsy; and

It being represented to the Court that Scentsy is willing to provide these documents for inspection and review only under a Protective Order upon the hereinafter stated terms and conditions; and

It being represented to the Court that all of the parties are in agreement as to the terms of said Protective Order; therefore,

The Court finds that the motion (ECF No. 11) should be and hereby is **GRANTED**. It is hereby **ORDERED** that:

1. Scentsy will disclose documents that it designates "Confidential" and "Proprietary" to the plaintiff and his attorneys, only pursuant to this Order and under the conditions that follow.

2. Any and all of the aforesaid materials disclosed by Scentsy and the contents thereof shall be maintained in confidence by counsel for the plaintiff in the above-captioned litigation. The aforesaid materials shall not be photocopied or reproduced by any means without

1

the prior consent of counsel for Scentsy or until further order of this Court.

3.     Any and all of the aforesaid materials disclosed by Scentsy and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

4.     No person who examines any document produced pursuant to this order shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein, to any person not also authorized to examine documents under the terms of this order.

5.     Counsel for plaintiff and counsel for the defendant in the above-captioned matter may permit any expert or experts hired by the plaintiff to review the documents subject to this Protective Order, but counsel for the plaintiff must first obtain from said experts a written statement confirming the expert's agreement to comply with every element of this Protective Order.  Said experts shall agree that the documents and the contents thereof shall not be disclosed to any other person or entity and said documents shall not be photocopied or reproduced by any means.  Any documents provided to experts must be returned to counsel for Scentsy within thirty (30) days of the conclusion of the above-captioned litigation pursuant to the terms of paragraph 9 below.

6.     Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

7.     Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the documents subject to this Protective Order and nothing contained herein shall be construed as a

waiver of any objection which might be raised to the admissibility of any evidentiary material.

8. Due to the potentially large volume of electronic and hard copy data in the possession, custody, or control of the parties and the numerous concerns regarding attorney-client privilege and work product protection, the Court enters this "Clawback" Provision to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against inadvertent disclosure of attorney-client privileged communications or work product materials. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order. This Order and Clawback Provision shall be governed by Federal Rule of Evidence 502(d) and is entered pursuant to Federal Rule of Civil Procedure 26(c)(1).

9. At the conclusion of this lawsuit by settlement, a jury verdict, non-suit, dismissal, by judgment order or otherwise, all Scentsy materials, including any and all copies, or renditions made from the materials, shall be returned to counsel for Scentsy within thirty (30) days.


10. A breach of the terms of this Order shall entitle Scentsy to appropriate sanctions, including but not limited to attorneys fees and costs incurred in the enforcement of this Order.

IT IS SO ORDERED.

                                                   /s/ Susan O. Hickey
                                                   Susan O. Hickey
                                                   United States District Judge

/s/  Matthew M. McArthur
Richard D. Gerber	34384 MO
Matthew M. McArthur	63068
Evans & Dixon, LLC
211 N. Broadway, Suite 2500
St. Louis, MO  63102
ATTORNEY FOR PLAINTIFF
314-621-7755


/s/  Michael J. Emerson
Michael J. Emerson	AR BIN 84043
Jonathan E. Baker	AR BIN 08176
BARBER, MCCASKILL, JONES & HALE, P.A.
2700 Regions Center
400 W. Capitol Avenue
Little Rock, AR  72201
ATTORNEY FOR DEFENDANT
501- 372-6175